IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Michael Mendez,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-17-00287-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation (Doc. 17) ("R&R") issued by United States Magistrate Judge Michelle H. Burns on October 18, 2017. In November 2001, Petitioner was convicted of one count of first degree murder and one count of attempted first degree murder based on an incident in which he stabbed his mother and her fiancé, which resulted in his mother's death. (Doc. 17 at 1-2). Petitioner was sentenced to 10.5 years on the attempted murder conviction and a consecutive term of life in prison on the murder conviction. (*Id.*). Petitioner has raised four claims for relief in his habeas petition, including that his trial counsel was ineffective, that his sentences constitute cruel and unusual punishment, that his sentences are excessive, and that his convictions and sentences violate the Double Jeopardy Clause. (Doc. 17 at 4) (citing Petitioner's habeas petition).

After full consideration of the issues, Judge Burns concluded that Petitioner's claims are time-barred because he failed to file the habeas petition within the one-year statute of limitations period. (Doc. 17 at 5). Judge Burns determined that the statute of limitations period began running on May 18, 2004 and expired one year later. (*Id.*). Petitioner filed his habeas petition on January 30, 2017, more than eleven years after the limitations period expired. (*Id.*). Judge Burns further found that statutory tolling based on post-conviction relief proceedings in state court did not apply because Petitioner filed his petition for post-conviction relief after the statute of limitations period had already expired. (Doc. 17 at 6). Moreover, Judge Burns found that Petitioner did not demonstrate he was entitled to equitable tolling or that an equitable exception to the limitations period should apply. (Doc. 17 at 6-7). Accordingly, Judge Burns recommends that the habeas petition be denied and dismissed with prejudice. (Doc. 17 at 7).

Judge Burns advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 17 at 7-8) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). Petitioner has not filed an objection and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the habeas petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Burns' R&R (Doc. 17) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 16th day of November, 2017.

Honorable Diane J. Humetewa
United States District Judge